HOWARD N. BAILEY, RESPONDENT, *v.* SARAH A. BAILEY, APPELLANT.

*Evidence — a husband may testify for, but not against, his wife in an action for divorce — Code of Civil Procedure, sec.* 829.

In this action, brought by a husband to procure a divorce from his wife on account of her adultery, it appeared that the defendant was and had been for some time a lunatic, her guardian *ad litem* interposing the usual general answer. Upon the trial the defendant's counsel sought, after the plaintiff had testified to the marriage, to prove by him adultery on his part, and also the insanity of the defendant at the time of the commission of the offense alleged on her part. The court excluded the evidence, holding that the plaintiff was not competent to testify to any fact save the marriage.

*Held,* error; that section 831 of the Code of Civil Procedure prevented the husband from testifying against the wife, but not from testifying in her favor.

APPEAL from a judgment dissolving the marriage between the parties to this action, entered in Kings county upon the trial of the action by the court without a jury.

*John H. Clayton,* for the appellant.

*T. C. Campbell,* for the respondent.

CULLEN, J. :

This action is for a divorce on account of the defendant's adultery. The defendant is and has been for some time a lunatic, and her

guardian *ad litem* interposed the usual general answer. Upon the trial the plaintiff testified to the marriage. The defendant's counsel then sought to prove by him adultery on his part, and also the insanity of defendant, presumably at the time of the commission of the offense alleged on her part. The court excluded the evidence, holding that the plaintiff was not competent to testify to any fact save the marriage.

In this we think the court erred. Section 831 of the Code of Civil Procedure provides that a husband or wife is not competent to testify against the other upon the trial of an action founded on adultery. This rendered the plaintiff incompetent as a witness against the wife, save as to the marriage, but he still remained a competent witness in her favor.

The witness might have availed himself of his personal privilege and refused to answer the question as to his adultery, but this he did not do. The court made the broad ruling that the defendant could prove no fact by the testimony of the plaintiff, thus precluding evidence of condonation, or the wife's insanity, as to which the personal privilege of the witness would not apply.

The judgment should be reversed and a new trial ordered.

Present — BARNARD, P. J., and DYKMAN, J.

Judgment reversed and new trial granted.